UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL V. CRIVELLO,

          Plaintiff,

v.                                    Case No. 09-C-0673

CITY OF MILWAUKEE,

          Defendant.

## DEFENDANT, CITY OF MILWAUKEE'S
## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, City of Milwaukee, by its attorneys, Grant F. Langley, City Attorney, and MaryNell Regan, Assistant City Attorney, as and for its answer to Plaintiff's complaint, admits, denies, alleges and states to the Court as follows:

1. As and for an answer to paragraph 1 of the Complaint, admit that Plaintiff seeks to bring suit pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, but deny that Plaintiff is entitled to any relief.

2. As and for an answer to paragraph 2 of the Complaint, admit.

3. As and for an answer to paragraph 3 of the Complaint, admit.

4. As and for an answer to paragraph 4 of the Complaint, admit.

5. As and for an answer to paragraph 5 of the Complaint, admit that Plaintiff has been a member of the Air National Guard but lack information and knowledge sufficient to form a belief as to the year he became a member, and therefore deny the same.

6. As and for an answer to paragraph 6 of the Complaint, admit.

7. As and for an answer to paragraph 7 of the Complaint, admit that Plaintiff applied for the position of Detective in 2001, took the series of promotional examinations for Detective, and placed 85th on the eligibility list; affirmatively state that the eligibility list expired after two years in accordance with established procedure; affirmatively state that upon expiration, the eligibility list only rose to promote the 69th person on the list; deny the remaining allegations of paragraph 7.

8. As and for an answer to paragraph 8, lack information or knowledge as to when Plaintiff was called to active military duty and deployed overseas, but state that Plaintiff was granted an unpaid military leave from the Milwaukee Police Department from October 5, 2001 through September 23, 2003.

9. As and for an answer to paragraph 9 of the Complaint, admit that in 2003, a 4-month-long Detective promotional exam was administered for those persons who applied and were qualified to take it, and that process began on April 28, 2003; deny the remaining allegations of paragraph 9.

10. As and for an answer to paragraph 10 of the Complaint, admit and affirmatively state that on or about September 28, 2003 the Plaintiff's military leave of absence expired and he returned to work with the City as a Police Officer, and he received the seniority rights, status, rate of pay, and benefits as though he had been continually employed during the period of his absence.

11. As and for an answer to paragraph 11 of the Complaint, lack information or knowledge to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore deny the same.

12. As and for an answer to paragraph 12 of the Complaint, deny.

13. As and for an answer to paragraph 13 of the Complaint, deny.

14. As and for an answer to paragraph 14 of the Complaint, deny.

15. As and for an answer to paragraph 15 of the Complaint, affirmatively state that the United States Department of Labor's Veteran's Employment and Training Service advised a Sergeant in the Police Department that Plaintiff filed a claim under USERRA on or about May 23, 2006; deny the remaining allegations.

16. As and for an answer to paragraph 16 of the Complaint, admit that the United States Department of Labor's Veteran's Employment and Training Service investigated the alleged claim filed by Plaintiff; and lack information and knowledge as to the remaining allegations of paragraph 16.

17. As and for an answer to paragraph 17 of the Complaint, admit that Plaintiff applied for the position of Detective in 2005 and took the series of biennial promotional examinations for Detective; deny the remainder of paragraph 17.

18. As and for an answer to paragraph 18 of the Complaint, admit that Plaintiff ranked 17th on the promotion eligibility list and was promoted to Detective on November 5, 2006; deny the remaining allegations of paragraph 18.

19. As and for an answer to paragraph 19 of the Complaint, admit that the City did not retroactively apply the Plaintiff's November 5, 2006 promotion date to the 2003 examination that Plaintiff did not timely apply to take; deny the remaining allegations of paragraph 19.

20. As and for an answer to paragraph 20 of the Complaint, and its subparts (a), (b), and (c), deny.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to Plaintiff's complaint, this answering defendant alleges and states to the Court as follows:

1. The Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred through accord, satisfaction, payment, and/or release.

3. Any damages suffered by Plaintiff are the result of his own deliberate or negligent actions or failure to act, and are not the fault of the Defendant.

4. The injuries and damages sustained by the plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than this answering defendant.

5. Plaintiff's claims are barred by the principles of issue preclusion and claim preclusion.

6. Plaintiff has failed to mitigate his damages.

7. Plaintiff has failed to exhaust avenues for relief available in forums other than a United States Federal District Court.

8. Plaintiff's injuries or damages, if any, were not caused by a governmental or unconstitutional policy, practice, or custom of this answering defendant.

9. Any and all employment actions taken with respect to plaintiff were done based upon non-discriminatory, legitimate, and lawful business reasons.

10. Defendant has been prejudiced in the defense of this matter based upon delay by the plaintiff, the Department of Labor, or the U.S. Department of Justice.

11. Plaintiff has failed to meet conditions precedent to filing suit in federal court.

12. The Plaintiff's claims are barred or diminished in whole or in part by the doctrines of laches, waiver, unclean hands, and estoppel.

13. The Plaintiff's claims are barred or diminished based on the statute of limitations.

14. The complaint fails to state a claim for declaratory judgment or for an injunction.

15. Plaintiff's claims are subject to the limitations and immunities in Wis. Stats., Sec. 893.80; and Plaintiff failed to comply with the notice provisions contained within Wis. Stat. Sec. 893.80.

16. Plaintiff did not give advance written or verbal notice that he wanted to take the Detective examination in 2003. Plaintiff failed to timely apply for Detective in 2003. Plaintiff's failure to timely submit an application for the 2003 Detective exam made re-administration of the 2003 Detective examination impossible or unreasonable.

17. Re-testing of the Plaintiff by the Defendant years after the examination would have imposed an undue hardship on the Defendant.

18. The Plaintiff was not qualified for the position of Detective with the Defendant until November 5, 2006.

19. Defendant acted in compliance with all applicable laws and did not breach any obligation to Plaintiff.

20. The Defendant expressly reserves the right to assert all other defenses made known to it through discovery.

WHEREFORE, this answering Defendant prays:

1. This Court dismiss Plaintiff's complaint with prejudice and enter judgment in the Defendant's favor.

2. That Plaintiff recover nothing from the defendant.

3. That this Court award Defendant the costs and other expenses incurred in defending this action; and

4. For other and further relief that this Court deems just and equitable.

Dated and signed at Milwaukee, Wisconsin this 30th day of July, 2009.

GRANT F. LANGLEY
City Attorney

s/MARYNELL REGAN
Assistant City Attorney
State Bar No. 1023264
Attorneys for Defendant
mregan@milwaukee.gov

P.O. ADDRESS
Suite 800
200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601
Fax: (414) 286-8550

1032-2009-1929/148412